UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAAL ALI BILAL, and all other FCCC
residents similarly situated,

    Plaintiff,

v.                                      Case No.: 2:19-cv-73-FtM-60MRM

REBECCA KAUPASTA, DONALD
SAWYER, PH. D., EMILY SELEMA,
KRISTEN KANNER and CORRECT
CARE,

    Defendants.
_____/

## OPINION AND ORDER

Plaintiff Jamaal Bilal initiated this purported class action by filing a "42 U.S.C. § 1983 Complaint" (Doc. 1, Complaint) while involuntarily civilly confined to the Florida Civil Commitment Center ("FCCC").[1] Bilal seeks to proceed *in forma pauperis* on his Complaint (Doc. 2). The Court takes judicial notice that this Court recently entered a filing injunction against Plaintiff due to his abusive filing practices. *See Bilal v. Fennick*, Case No: 2:16-cv799-FtM-29MRM (M.D. Fla. Aug. 21, 2019). Nonetheless, because Bilal initiated this action before the effective date of the filing injunction, the Court will review the Complaint *sua sponte* to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

---

[1] Plaintiff is civilly committed to the Florida Civil Commitment Center ("FCCC") pursuant to the Sexual Violent Predators Act, Fla. Stat. §§ 394.910-.913 ("SVP Act"), by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." *Id.* § 394.917(2).

Although Bilal is considered a non-prisoner due to his civil commitment status,[2] he is still subject to § 1915(e)(2). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (finding "no error in the district court's dismissal of [a non-prisoner's] complaint" under § 1915(e)(2)). Further, while *pro se* complaints are held to "less stringent standards" than those drafted and filed by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted), the standard pleading requirements under Fed. R. Civ. P. 8, Fed. R. Civ. P. 10 still apply to *pro se* complaints. *Giles v. Wal-Mart Distribution Ctr.*, 359 F. App'x 91, 92 (11th Cir. 2009). In particular, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Overall, "a lengthy . . . personal narrative suggesting, but not clearly and simply stating, a myriad of potential claims" does not meet the pleading requirements of Rules 8 and 10. *Giles*, 359 F. App'x at 93.

Furthermore, this Court uses the standard for Fed. R. Civ. P. 12(b)(6) dismissals for dismissals under § 1915(e)(2)(B)(ii). *See Alba v. Montford*, 517 F. 3d 1249, 1252 (11th Cir. 2008). Under Rule 12(b)(6), a complaint is subject to dismissal if the claim alleged is not plausible on its face. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). All pleaded facts are deemed true for the purposes of Rule 12(b)(6), but a complaint is still insufficient without adequate facts. *Id.* The plaintiff must assert enough facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The asserted facts must "raise a reasonable expectation that discovery

---

[2] This matter was reassigned to the undersigned on July 15, 2018. (Doc. 8). The notice of reassignment was returned to the Clerk on July 23, 2018 as undeliverable. More than thirty (30) days has passed and Plaintiff has not filed a notice of change of address as directed in the Court's Standing Order for All Confined, *Pro Se* Litigants. (Doc. 3, ¶6). Thus, Plaintiff's current location and status is unknown.

will reveal evidence" in favor of the plaintiff's claim. *Twombly*, 550 U.S. at 556. Overall, "labels . . . conclusions, and a formulaic recitation of the elements of a cause of action" are not enough to meet the plausibility standard. *Id.* at 555.

Upon review, the Court finds this action subject to dismissal under § 1915(e)(2)(B)(ii). The gravamen of the Complaint is that Bilal contends that he and the other individuals who are civilly confined at the FCCC, are entitled to the minimum wage provision of the Fair Labor Standards Act ("FLSA"). *See generally* Doc. 1. Specifically, Bilal avers that "residents at the FCCC are entitled to minimum wages simply because Wellpath-Correct Care save millions of dollars in workforce payment by paying residents at FCCC less than minimum wages." Doc. 1 at 1. At the outset, the Court finds Bilal lacks standing in this matter. Significantly, a party seeking to invoke the jurisdiction of the federal court has the burden of establishing that it has standing to pursue its claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To meet Article III's standing requirement, a plaintiff must allege and be able to demonstrate that he personally suffered injury. *Griffin v. Dugger*, 823 F.2d 1476, 1482–83 (11th Cir. 1987). This requirement is not met by alleging that an injury has been suffered by other individuals of the class to which the plaintiff contends he belongs and which he purports to represent. *Warth v. Seldin*, 422 U.S. 490, 50 (1975). Here, Plaintiffs admits he has never worked in any capacity while confined at the FCCC. *See* Doc. 1, ¶ 14 (stating he "has never been given or offered a pay job in the 19 years he has been in this program").

Even if Bilal could show he worked in any capacity while at the FCCC, his claim is foreclosed by binding caselaw. The Eleventh Circuit has held that the FLSA does not apply to individuals civilly confined under Florida's SVP Act because no employee-employer relationship exists. *Troville v. Calabrese*, 54 F. App'x 689 (11th Cir. 2002) (extending

*Villarreal v. Woodham,* 113 F. 3d 202, 204 (11th Cir. 1997) which held that the FSLA does not apply to criminal detainees under the "economic reality" test to civilly detained individuals under Florida SVP Act); *see also Shaw v. Briody,* 2005 WL 2291711, No. 2:02-cv-500-FtM-33SPC (M.D. Fla. September 20, 2005).

Accordingly, it is hereby

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii).

2. The **Clerk of Court** shall terminate any pending motions, enter judgment, and close this file.

**DONE and ORDERED** in Ft. Myers, Florida on this 29th day of August, 2019.

THOMAS P. BARBER
UNITED STATES DISTRICT JUDGE

FTMP-1

Copies furnished to:
Counsel of Record
Unrepresented Parties